CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYREK CALDWELL, Plaintiff, | ) | Civil Action No. 7:25-cv-00818 |
| v. | ) | |
| BRUCE BALLARD, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon, Chief United States District Judge |

**MEMORANDUM OPINION**

Tyrek Caldwell, acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Caldwell alleges claims involving excessive force, sexual harassment, and verbal harassment against Bruce Ballard and Adam Looney, correctional officers at the Western Virginia Regional Jail. (Compl., Dkt. No. 1.) Caldwell also filed a motion for a preliminary injunction, asking for a transfer to a different jail due to harassment and retaliation by the defendants. (Dkt. No. 11.) Defendants filed a motion to dismiss. (Dkt. No. 12.) Caldwell filed a response (Dkt. No. 18), and defendants filed a reply (Dkt. No. 19).

For the reasons stated below, defendants' motion to dismiss will be denied with respect to his excessive force claim but will be granted in all other respects. Plaintiff's motion for an injunction will be denied.

## I. BACKGROUND

### A. Plaintiff's Allegations

Caldwell alleges that he was a pretrial detainee at the jail on June 12, 2025. (Compl. 2, 4.) Caldwell was in the intake section of the jail waiting to be transferred to another portion of the jail at 10:00 a.m. During a pat-down search by Officer Ballard, Ballard "violated" Caldwell by "rubbing on my penis slow and digging into my pubic hairs." (*Id.* at 5.) Caldwell objected by

asking him what he was doing. In response, Ballard shoved Caldwell against the wall and told him to place his hands behind his back. Ballard placed "extremely tight" handcuffs on Caldwell and together with Sgt. Looney "bounced me on and off the walls multiple times and bent my arms upwards so hard that I could not feel them or my chest as the officer dragged me up the hallway leading towards medical area." (*Id.* at 5–6.) The officers called Caldwell a "fat ass" and a coward because he was not putting up a fight. (*Id.* at 6.)

While he was being dragged, Ballard "held the back of my neck while he slammed me to the concrete floor busting my lips and knocking me out all while I was handcuffed to the back and not resisting only begging them to stop . . . ." (*Id.* at 8.) He was allegedly slammed "to the floor again by Bruce and had a taser pointed at me . . . ." (*Id.* at 7.) When Caldwell regained consciousness, other officers were laughing at him. Sgt. Looney told Caldwell to get his "fat black ass up" or he was going to mace or tase him. Plaintiff was numb and suffered a chest injury that shows bruises and requires him to use a breathing machine. Plaintiff suffers from headaches, short-term memory loss, shoulder pain, scars from the cuffs, emotional distress, and post-traumatic stress syndrome. After the attack, Caldwell was placed on "mechanical restraint" for almost 40 days with no phone or visits. (*Id.* at 7.)

Caldwell asserts claims for excessive force and suggests that Officer Ballard retaliated against him for mentioning the Prison Rape Elimination Act (PREA) in relation to the alleged sexual assault by rubbing his penis. (*Id.* at 8.) Caldwell requests $400,000 in damages and that both officers be removed from their jobs. (*Id.* at 10.) The court addresses claims in the complaint of excessive force, sexual assault and harassment, verbal harassment, and loss of visitation and telephone privileges.

**B. Caldwell's Motion for Preliminary Injunction**

In his motion for injunctive relief, Caldwell states that defendants and others at the jail are retaliating against him and harassing him. He states that he knows "something very serious is soon to happen because the whole jail talking about the case and I keep being told to watch my back by staff and inmates." (Dkt. No. 11 at 2.) Caldwell also asserts that jail staff has hindered his calls and access to the court and the library. Caldwell asks to be transferred and to "place restraining orders on the defendants plus the jail." (*Id.* at 3.)

## II. ANALYSIS

**A. Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023). Furthermore, to establish liability under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of his rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

**B. Due Process Claims**

The Eighth Amendment governs claims brought by individuals convicted of crimes; thus, because Caldwell was a pretrial detainee, his § 1983 claims are evaluated under the Fourteenth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). "A pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." *Tate v. Parks*, 791 F. App'x 387, 390 (4th Cir. 2019) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The due process rights of a pretrial detainee are at least as great as the protections available to a convicted prisoner under the Eighth Amendment. *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Accordingly, conditions that would violate the Eighth Amendment necessarily violate the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). "Pretrial detainees have the right to be free from any use of excessive force, sexual assault, or deliberate indifference that has been found to violate the Eighth Amendment rights of a convicted prisoner." *Rush v. Bryant*, NO. 2:18-CV-00364, 2021 WL 1608345, at *4 (S.D.W. Va. Feb. 22, 2021).

**1. Excessive force**

To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." *Id.* at 397. The calculus of reasonableness includes consideration of "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citing *Graham*, 490 U.S. at 396).

Because the applicable standard is objective, a "defendant's state of mind is not a matter that a plaintiff is required to prove." *Id.* at 395. Nonetheless, a pretrial detainee can also prevail by showing that a defendant's actions were taken with an intent to punish. *Kingsley*, 576 U.S. at 398 (citing *Bell*, 441 U.S. at 538).

Defendants argue that Caldwell fails to state an excessive force claim for being placed in tight handcuffs, bounced on and off the walls, and slammed to the floor because he does not allege any injury due to these uses of force. While the extent of the injury is a factor in the reasonableness of force analysis, Caldwell alleges a continuous event with several uses of force that resulted in serious injuries.

Defendants also argue that Caldwell fails to allege the personal involvement of defendants in the more severe use of force involving a blow that knocked him out.However,

Caldwell's allegations clearly attribute this conduct to Ballard and to Looney. (*See* Compl. 7–8.) Caldwell alleges, for example, that he was "beaten up by Bruce Ballard and Sgt. Adam Looney repeatedly that morning . . . where I was slam on the concrete floor face first and knocked out completely . . . ." (*Id.* at 7.) For these reasons, the court will deny defendants' motion to dismiss Caldwell's claim that defendants used excessive force.

The court will, however, dismiss the claim that Caldwell was placed him in mechanical restraints because Caldwell does not detail the personal involvement of either defendant and fails to allege any resulting injury.

**2. Sexual assault and harassment**

Included within the Due Process Clause's protection from deprivations of life, liberty, and property is a pre-trial detainee's liberty interest to be free from unwanted sexual contact by prison officials. *See Williams v. Clayton*, C/A/ No. 9:23-cv-04663-DCC-MHC, 2025 WL 2582155, at *11 (D.S.C. June 12, 2025) (collecting cases). Because a pretrial detainee is afforded at least as much protection under the Fourteenth Amendment as the Eighth Amendment would afford a convicted inmate claiming a sexual assault by a corrections officer, a sexual assault or harassment claim by a pretrial detainee can be analyzed by analogy to the objective prong of the legal standards governing Eighth Amendment claims. *See id.* To be actionable, the alleged sexual touching must be incompatible with "contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

Caldwell alleges that during a pat-down search, Officer Ballard "violated" him by "rubbing on my penis slow and digging into my pubic hairs." Courts have held that a single incident of unwanted touching is insufficiently serious to involve a harm of "constitutional proportions." *Labo v. Anderson*, C/A No. 0:24-130-DCN-PJG, 2024 WL 5695643, at *4 (D.S.C.

Oct. 30, 2024) (finding that a "single incident of a brief, unwanted touch" to plaintiff's buttock cannot state a due process claim) (citing *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997)). Moreover, Caldwell does not plausibly allege that Officer Ballard's actions were sexual in nature. *See id.* (explaining that the plaintiff must allege facts "beyond merely his own perceptions to demonstrate that the unwanted sexual touching had some sexual aspect to it") (collecting cases). For these reasons, the court finds that Caldwell fails to state a due process claim under these allegations of sexual assault.

**3. Verbal harassment**

Caldwell has also advanced allegations of verbal harassment, either by the defendants, staff, or other inmates. To the extent that such actions could be attributed to the defendants, "[m]ere threats or verbal abuse by prison officials without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005). The court will also dismiss this claim.

**4. Visitation and telephone privileges**

Caldwell also complains about the loss of visitation privileges and telephone use. These are not cognizable claims under § 1983. *See Dye v. Alsbrook*, No. 7:23cv00036, 2024 WL 1193566, at *5 (W.D. Va. Mar. 30, 2024) ("Moreover, a plaintiff has no constitutional right to visitation, regardless of the facility in which he is incarcerated."); *United States v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (finding "there is no constitutional or federal statutory right to use of a telephone while in prison"); *Thomas v. Drew*, 365 F. App'x 485, 488 (4th Cir. 2010) (finding no constitutional violation when inmate challenged "de facto" ban on telephone privileges). These claims will also be dismissed.

**B. Motion for Preliminary Injunction**

Caldwell seeks a transfer because he fears something will happen and states that he has been denied calls and access to the courts and the library. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff's claims about retaliation from jail staff for filing this lawsuit and denial of access to the law library are not related to the allegations in this lawsuit. Plaintiff does not allege that he trying to get access to the law library to pursue the instant lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Caldwell's motion for a preliminary injunction.

## III. CONCLUSION

The court will issue an appropriate order granting in part and denying in part defendants' motion to dismiss and denying plaintiff's motion for a preliminary injunction.

Entered: September 30, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge